UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

**BUILDING TRADES UNITED PENSION TRUST FUND**
and **SCOTT REDMAN (in his capacity as Trustee),**

**PAINTERS LOCAL 802 PENSION FUND,**
**PAINTERS LOCAL 802 HEALTH FUND,**
**PAINTERS LOCAL 802 APPRENTICESHIP**
**FUND** and **JEFF MEHRHOFF (in his**
**capacity as Trustee),**

        Plaintiffs,

  v.                              Case No.   18-cv-812

**HOWARD GROTE & SONS, INC.**

        Defendant.
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens and Philip E. Thompson, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1.    Jurisdiction of this Court upon Defendant Howard Grote & Sons, Inc. (hereinafter "Howard Grote") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §1132), and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. §185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans

and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, section 301 of the LMRA and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA §502(e)(2) (29 U.S.C. §1132(e)(2)) in that Howard Grote is engaged in business with its principal place of business located in Dane County, Wisconsin.

## Parties

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of §§ 3(1), (2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, WI 53122.

4. Plaintiff Scott Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Scott Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

5. Plaintiffs Painters Local 802 Pension Fund, Painters Local 802 Health Fund and Painters Local 802 Apprenticeship Fund are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA, (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and

1145), and bring this action on behalf of the trustees, participants and beneficiaries of said plans.  Said plans maintain offices at 5375 King James Way, Fitchburg, WI 53719.

6. Plaintiff Jeff Mehrhoff is a trustee and a fiduciary of the Painters Local 802 Pension Fund and Painters Local 802 Health Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for.  Jeff Mehrhoff maintains an office at 5375 King James Way, Fitchburg, WI 53719.

7. Defendant Howard Grote is a domestic corporation incorporated and organized under the law of the State of Wisconsin, engaged in business with principal offices located at 4900 Ivywood Trial, McFarland, Wisconsin 53558.  The registered agent for service of process is Kurt R. Grote, 4900 Ivywood Trail, McFarland, Wisconsin 53558.

**Facts**

8. Howard Grote is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. §151, et seq.).

9. For all times relevant, Howard Grote was a party to and agreed to abide by the terms of collective bargaining agreements (hereinafter referred to as "Labor Agreements") between it and the Painters' Unions (hereinafter collectively referred to as "the Unions").

10. The Unions represents, for purposes of collective bargaining, certain of Howard Grote's employees and employees of other employers, in industries affecting

interstate commerce within the meaning of LMRA §§2(5), 9(a) and LMRA §301(a) (29 U.S.C. §151, et seq.).

11. The Labor Agreements described herein contains provisions whereby Howard Grote agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said agreements.

12. By execution of said Labor Agreements, Howard Grote adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

13. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Howard Grote has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Unions;

    c. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    d.    to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

    e.    to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted; and

    f.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    g.    to pay, in addition to contributions, liquidated damages and interest, all actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

14.    Howard Grote has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    a.    failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Howard Grote's covered employees; and

    b.    failing to accurately report employee work status to the Plaintiffs.

15.    ERISA §502(g)(2), as amended by the MPPAA provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)    the unpaid contributions,

  (B) interest on the unpaid contributions,

  (C) an amount equal to the greater of –

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

  (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

  (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

 16. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

 17. Although Howard Grote has made payments towards contributions owed to the Plaintiffs discovered through various audits contributions, interest, and liquidated damages still remain unpaid to Building Trades United Pension Trust Fund for the audit period January 1, 2013 through December 31, 2014 and to the Painters 802 Pension Fund, Painters 802 Health Fund, Painters 802 Apprenticeship and Training Fund for the audit periods August 1, 2013 through September 30, 2014; October 1, 2014 through February 28, 2015; March 1, 2015 through May 31, 2016; June 1, 2016 through March 31, 2017.

**Claim One Against Howard Grote & Sons, Inc.**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145**

18.   As and for a first claim for relief against Howard Grote, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 17 above and incorporate the same as though fully set forth herein word for word.

19.   For purposes of this claim, the Building Trades United Pension Trust Fund, Painters Local 802 Pension Fund, Painters Local 802 Health Fund, and Painters Local 802 Apprenticeship Fund are hereinafter referred to as the "Funds."

20.   Due demand has been made by the Funds upon Howard Grote for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

21.   Because, as the Funds are informed and believe, Howard Grote has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.  Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

22.   Because Howard Grote has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.  These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreement and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against Howard Grote:

    A. For unpaid contributions, interest and liquidated damages owed the Funds;

    B. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

Dated this 1st day of October, 2018.

s/Christopher J. Ahrens
Christopher J. Ahrens (SBN 1043237)
Philip E. Thompson (SBN 1099139)
**The Previant Law Firm, S.C.**
310 W. Wisconsin Avenue
Suite 100MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

Attorney for Plaintiffs
